**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

BILL A. BUSBICE, JR., an individual;
OLLAWOOD PRODUCTIONS, LLC, a
limited liability company; and ECIBSUB,
LLC, a limited liability company,

       Plaintiffs,

       v.

ADRIAN VUCKOVICH, an individual;
COLLINS, BARGIONE & VUCKOVICH, a
partnership; and DOES 1 – 50, inclusive,

       Defendants.

Case No.  1:17-cv-1640

Honorable Andrea R. Wood

## DEFENDANTS' MOTION TO QUASH PLAINTIFFS' SUBPOENA TO JP MORGAN CHASE BANK

NOW COME the Defendants, ADRIAN VUCKOVICH and COLLINS, BARGIONE & VUCKOVICH, by and through their attorneys, KONICEK & DILLON, P.C., and, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, move this Honorable Court for the entry of an Order quashing the subpoena issued on December 8, 2017 by Plaintiffs to JP Morgan Chase Bank, N.A., and in support thereof, Defendants state as follows:

1.  On December 8, 2017, Plaintiffs BILL A. BUSBICE, JR., OLLAWOOD PRODUCTIONS, LLC, and ECIBSUB, LLC (hereinafter "Plaintiffs") issued a subpoena to JP Morgan Chase Bank, N.A.  *See* December 8, 2017 Subpoena, attached hereto as **Exhibit A**.

2.  The rider attached to the subpoena issued to JP Morgan Chase Bank sought the following documents:

    a.  All **DOCUMENTS** relating to any deposits to any account where **VUCKOVICH** or **CBV** is an owner or signatory made by **WILLIAMS**, **BROWN**, **SEPPALA**, Astrid Montgomery, Stuart Manashil, Lauren Berg, Marc Brown, Marc Weber, Josh Blum,

Scott Adler, UBS Financial Services, Rick Weed, Sundeep Bhundia, Williams Riead, Fred Lebed, Cammile Franzese, Alfredo Rodriguez De Villa, Andrei Rosca, Barry Reiss, or Randy Iandt, including but not limited to wires, checks, and cashier's checks, since January 1, 2010.

b. All **DOCUMENTS** relating to any deposits to any account where **VUCKOVICH** or **CBV** is an owner or signatory made by Legacy Film Crest Media Management, Legacy Film Crest, Film Crest Entertainment, Sizzle Pitch, Caliente, Luxe One, Inc., Big Screen Entertainment Partners V, Panda Media Fund Ltd., Panda Media Fund, LLC d/b/a Panda Media Funds, Panda Media, Ltd., The Noble Group, The Noble Group International, Inc., BADE LLC, PR News Strategies, GB Consulting, LLC, Plainfield Pass, MAP Global Holdings, or SAV LLC, including but not limited to wires, checks, and cashier's checks, since January 1, 2010.

c. All **DOCUMENTS** relating to any withdrawals, including by check, wire transfer, or any other means, from any account where **VUCKOVICH** or **CBV** is an owner or signatory, which were made payable to **WILLIAMS**, **BROWN**, **SEPPALA**, Astrid Montgomery, SAV, LLC, Stuart Manashil, Lauren Berg, Marc Brown, Marc Weber, Josh Blum, Scott Adler, UBS Financial Services, Rick Weed, Sundeep Bhundia, Williams Riead, Fred Lebed, Cammile Franzese, Alfredo Rodriguez De Villa, Andrei Rosca, Barry Reiss, or Randy Iandt, including but not limited to wires, checks, and cashier's checks, since January 1, 2010.

d. All **DOCUMENTS** relating to any withdrawals, including by check, wire transfer, or any other means, from any account where **VUCKOVICH** or **CBV** is an owner or signatory which were made payable to Legacy Film Crest Media Management, Legacy Film Crest, Film Crest Entertainment, Sizzle Pitch, Caliente, Luxe One, Inc., Big Screen Entertainment Partners V, Panda Media Fund Ltd., Panda Media Fund, LLC d/b/a Panda Media Funds, Panda Media, Ltd., The Noble Group, The Noble Group International, Inc., BADE LLC, PR News Strategies, GB Consulting, LLC, Plainfield Pass, MAP Global Holdings, or SAV LLC, including but not limited to wires, checks, and cashier's checks, since January 1, 2010. *See* **Exhibit A** (emphasis in original).

3. Defendants object to the production of the documents and information sought by the December 8, 2017 subpoena because the Defendants have *already produced* all client trust account, IOLTA, and other firm bank account information in their production responses to

Plaintiffs' discovery requests. Thus, all bank account information that would relate to these individuals or entities has already been produced. Any bank accounts at JP Morgan Chase Bank, N.A. held by Defendants are personal in nature and not relevant to the litigation of this matter.

4.  Plaintiffs' attempt to obtain these documents is in reality an effort to harass Defendants by the threat of an adverse party rifling through their unrelated personal financial matters under the guise of discovery proceedings.

5.  Federal Rule of Civil Procedure 45(d)(3)(A)(iii) provides that the Court must quash a subpoena that "requires the disclosure of privileged or other protected matter[.]" Fed R. Civ. P. 45(d)(3)(A)(iii).

6.  Plaintiffs' present request that JP Morgan Chase Bank produce these documents and records is an inappropriate invasion into the Defendants' personal privacy interests, wholly unrelated to the litigation. To permit this production would in effect allow the Plaintiffs to conduct a citation to discover assets in advance of any judgment in this case and with no legitimate purpose except perhaps to harass and embarrass Defendants. *See*, *e.g.*, *Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002) (noting that courts should be wary of subpoenas becoming tools for harassment).

7.  In determining whether a subpoena request creates an undue burden, the Court must consider several factors, including the relevance of the discovery sought, the subpoenaing party's need for the discovery and the breadth of the request. *Uppal v. Rosalind Franklin Univ. of Medicine & Science*, 124 F. Supp. 3d 811, 813 (N.D. Ill. 2015). The discovery rules "are not a ticket [ . . . ] to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Id*. at 814 (*citing Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055, at *2 (N.D. Ill. 1994)); *see also Herbert v. Lando*, 441 U.S. 153, 177 (1979) (judges should not hesitate to exercise appropriate control over the discovery process); *Montanez v. Simon*, 755 F.3d

547, 552 (7th Cir. 2014) (judicious use of the court's authority during discovery can prevent overlawyering and direct the efforts of counsel prior to the excessive use of time and resources).

8.      This subpoena must be quashed because it seeks irrelevant personal information, and the information about the transactions at issue in this case that Plaintiffs seek through this subpoena has *already* been produced in Defendants' production of the firm's bank account and IOLTA account records.  This is needlessly duplicative and therefore can only be intended to harass Defendants.

9.      For these reasons, Defendants request that this Court quash the December 8, 2017 subpoena issued to JP Morgan Chase Bank, N.A.

WHEREFORE, Defendants, ADRIAN VUKOVICH and COLLINS, BARGIONE & VUCKOVICH, respectfully request that this Honorable Court enter an Order quashing the December 8, 2017 subpoena issued by Plaintiffs to JP Morgan Chase Bank, N.A. and for such other relief as this Court deems just and appropriate.


Daniel F. Konicek (#6205408)                    Respectfully submitted,
Amir R. Tahmassebi (#6287787)
Thomas J. Long (#6185763)
KONICEK & DILLON, P.C.                          /s/ Amir R. Tahmassebi_____
21 West State Street                            Attorneys for Defendants, Adrian
Geneva, IL  60134                               Vuckovich and Collins, Bargione
(630) 262-9655                                  & Vuckovich
dan@konicekdillonlaw.com
tlong@konicekdillonlaw.com