IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BILL A. BUSBICE, JR., an individual; OLLAWOOD PRODUCTIONS, LLC, a limited liability company; and ECIBSUB, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ADRIAN VUCKOVICH, an individual; COLLINS, BARGIONE & VUCKOVICH, a partnership; and DOES 1 – 50, inclusive,<br><br>Defendants. | Case No. 1:17-cv-1640<br><br>Honorable Andrea R. Wood |

## NOTICE OF ISSUANCE OF SUBPOENA

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 45(a)(4), attorneys for Plaintiffs BILL A. BUSBICE, JR., OLLAWOOD PRODUCTIONS, LLC, and ECIBSUB, LLC provide notice that the subpoena directed to J.P. Morgan Chase Bank, N.A., attached hereto, has been issued and will be served.

Dated: December 8, 2017

Respectfully submitted,

By: _/s/ Paul L. Gale_
Paul L. Gale
Lauren E. Grochow
Robert E. Browne, Jr.
TROUTMAN SANDERS LLP

Attorneys for Plaintiffs
BILL A. BUSBICE, JR., OLLAWOOD
PRODUCTIONS, LLC, and ECIBSUB, LLC

**EXHIBIT A**

33380482

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| Bill A. Busbice, Jr., et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-cv-1640 |
| Adrian Vuckovich, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: J.P. Morgan Chase Bank, N.A.

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Troutman Sanders LLP<br>One North Wacker Drive, Suite 2905<br>Chicago, IL 60606 | Date and Time:<br>01/05/2017 10:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12/08/2017

CLERK OF COURT

_____           _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Bill A. Busbice, Jr., Ollawood Productions, LLC, and Ecibsub, LLC, who issues or requests this subpoena, are:
Lauren Grochow (949)622-2746 lauren.grochow@troutmansanders.com
5 Park Plaza, Suite 1400,
Irvine, CA 92614

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-1640

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## DEFINITIONS

1. The terms "**DOCUMENT**" or "**DOCUMENTS**" shall be understood to apply to any tangible or intangible record or communication, including electronically stored information, and shall include, without limitation, any kind of written, typewritten, printed, recorded or reproduced material whatsoever, including, without limitation, calendars, diaries, notes, memoranda, letters, emails, instant messages, texting messages, blogs, internet postings, reports, summaries, financial statements and other financial records, microfilms, photographs, publications, contracts, recordings, information on computer disks, information on computer hard drives, e-mails, electronic media, transcriptions of recordings and business records. The term "**DOCUMENT**" shall also include, without limitation, originals, duplicates, all file copies, all other copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips and similar materials. The term "**DOCUMENT**" shall also include any file or other container holding, or which at any time held, any **DOCUMENT**, as well as any writing or other communication that appears or appeared on or affixed to such file or container.

2. The terms "**COMMUNICATION**" or "**COMMUNICATIONS**" means the transmission, whether orally, electronically, or in writing, by any means of a word, statement, fact, thing, idea, **DOCUMENT**, instruction, demand or question, and include any **DOCUMENTS** which abstract, digest, transcribe or record any such communication.

3. The term "**WILLIAMS**" refers to James David Williams (or "David Williams" or "J. David Williams"), or any entity actually or apparently affiliated with or controlled by him, including *but not limited to* **(a)** Legacy Film Crest, LLC; **(b)** New Legacy Film Investment V; **(c)** New Legacy Media Partners; **(d)** Legacy Film Crest Media Management Fund; **(e)** Film Crest Entertainment; **(f)** Panda Media Funds; **(g)** Panda Media Fund, LLC; **(h)** Panda Media, Ltd.; **(i)** Luxe One, Inc.; **(j)** Moment Factory, LLC; **(k)** Garuda Partners, Ltd.; **(l)** Garuda Trust; and **(m)** Mirada Park, LLC – as well as any person or entity acting or purporting to act on any of their respective behalves, including current or former agents, employees, representatives, accountants and attorneys.

4. The term "**BROWN**" refers to Steven J. Brown (or "Steven Brown" or "Steve Brown"), or any entity actually or apparently affiliated with or controlled by him, as well as any person or entity acting, or purporting to act, on any of their respective behalves, including current or former agents, employees, representatives, accountants and attorneys.

5. The term "**SEPPALA**" refers to Gerald R. Seppala, or any entity actually or apparently affiliated with or controlled by him, including but not limited to Visions LLC, as well as any person or entity acting, or purporting to act, on any of their respective behalves, including current or former agents, employees, representatives, accountants and attorneys.

6.     The term "**VUCKOVICH**" refers to Adrian Vuckovich, as well as any person or entity acting or purporting to act on any of their respective behalves, including current or former agents, employees, representatives, accountants and attorneys.

7.     The term "**CBV**" refers to Collins, Bargione & Vuckovich, as well as any person or entity acting, or purporting to act, on any of their respective behalves, including current or former agents, employees, representatives, accountants and attorneys. Collins, Bargione & Vuckovich is located at 1 North LaSalle Street #300, Chicago, IL 60602.

## DOCUMENTS TO BE PRODUCED

1.     All **DOCUMENTS** relating to any deposits to any account where **VUCKOVICH** or **CBV** is an owner or signatory made by **WILLIAMS, BROWN, SEPPALA**, Astrid Montgomery, Stuart Manashil, Lauren Berg, Marc Brown, Marc Weber, Josh Blum, Scott Adler, UBS Financial Services, Rick Weed, Sundeep Bhundia, Williams Riead, Fred Lebed, Cammile Franzese, Alfredo Rodriguez De Villa, Andrei Rosca, Barry Reiss, or Randy Iandt, including but not limited to wires, checks, and cashier's checks, since January 1, 2010.

2.     All **DOCUMENTS** relating to any deposits to any account where **VUCKOVICH** or **CBV** is an owner or signatory made by Legacy Film Crest Media Management, Legacy Film Crest, Film Crest Entertainment, Sizzle Pitch, Caliente, Luxe One Inc., Big Screen Entertainment Partners V, Panda Media Fund Ltd., Panda Media Fund, LLC d/b/a Panda Media Funds, Panda Media, Ltd., The Noble Group, Noble Group International Inc., BADE LLC, PR News Strategies, GB Consulting, LLC, Plainfield Pass, MAP Global Holdings, or SAV LLC, including but not limited to wires, checks, and cashier's checks, since January 1, 2010.

3.     All **DOCUMENTS** relating to any withdrawals, including by check, wire transfer, or any other means, from any account where **VUCKOVICH** or **CBV** is an owner or signatory which were made payable to **WILLIAMS, BROWN, SEPPALA**, Astrid Montgomery, SAV LLC, Stuart Manashil, Lauren Berg, Marc Brown, Marc Weber, Josh Blum, Scott Adler, UBS Financial Services, Rick Weed, Sundeep Bhundia, Williams Riead, Fred Lebed, Cammile Franzese, Alfredo Rodriguez De Villa, Andrei Rosca, Barry Reiss, or Randy Iandt, including but not limited to wires, checks, and cashier's checks, since January 1, 2010.

4.     All **DOCUMENTS** relating to any withdrawals, including by check, wire transfer, or any other means, from any account where **VUCKOVICH** or **CBV** is an owner or signatory which were made payable to Legacy Film Crest Media Management, Legacy Film Crest, Film Crest Entertainment, Sizzle Pitch, Caliente, Luxe One Inc., Big Screen Entertainment Partners V, Panda Media Fund Ltd., Panda Media Fund, LLC d/b/a Panda Media Funds, Panda Media, Ltd., The Noble Group, Noble Group International Inc., BADE LLC, PR News Strategies, GB Consulting LLC, Plainfield Pass, MAP Global Holdings, or SAV LLC, including but not limited to wires, checks, and cashier's checks, since January 1, 2010.

## PROOF OF SERVICE

I, Felisa H. Lybarger, declare:

I am a citizen of the United States and employed in Orange County, CA. I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine, CA 92614-2545.

On December 8, 2017, I served the following document(s) described as:

## NOTICE OF ISSUANCE OF SUBPOENA

[X] **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list. I did not receive, within reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at Irvine, CA in the ordinary course of business.

On the following parties:

SEE ATTACHED SERVICE LIST

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on December 8, 2017, at Irvine, California.

*/s/ Felisa H. Lybarger*
Felisa H. Lybarger

30577387

# SERVICE LIST

Daniel F. Konicek
Michael J. Corci
Thomas J. Long
Amir Tahmassebi
Konicek & Dillon, P.C.
21 W. State Street
Geneva, Illinois 60134
Email: dan@konicekdillonlaw.com
Email: mcorsi@konicekdillonlaw.com
Email: tlong@konicekdillonlaw.com
Email: sheila@konicekdillonlaw.com
Email: amir@konicekdillonlaw.com