IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BILL A. BUSBICE, JR., an individual; OLLAWOOD PRODUCTIONS, LLC, a limited liability company; and ECIBSUB, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ADRIAN VUCKOVICH, an individual; COLLINS, BARGIONE & VUCKOVICH, a partnership; and DOES 1 – 50, inclusive,<br><br>Defendants. | Case No. 1:17-cv-1640<br><br>Honorable Andrea R. Wood<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26, 33 and 37, Plaintiffs Bill A. Busbice, Jr, Ollawood Productions, LLC, and Ecibsub, LLC (collectively "Busbice"), respectfully move the Court for an order compelling Defendant Collins, Bargione & Vuckovich ("CBV") to respond to Plaintiffs' First Set of Interrogatories (the "Interrogatories"). Pursuant to Local Rule 37.2, the parties met and conferred by telephone on this issue on February 14, 2018. (Decl. of Lauren E. Grochow ("Grochow Decl.") ¶ 2, Ex. 1.)

I.      INTRODUCTION

CBV, a litigation law firm that has ignored its obligations under the Federal Rules of Civil Procedure, has refused to substantively respond to Busbice's Interrogatories served on December 19, 2017. In response to each interrogatory – despite having waived all objections by responding over two weeks late – CBV made a single cut-and-pasted objection reference to Federal Rule of Civil Procedure 33(d), directing Busbice to "all account statements produced in discovery for Collins Bargione & Vuckovich and the testimony of Adrian Vuckovich relating to

those transactions." Even a cursory reading of the requirements of proper interrogatory responses under Rule 33 establishes that such responses are undeniably deficient.

Markedly, this is not the first time that CBV has attempted to prevent Busbice from obtaining the discovery to which he is entitled. CBV and defendant Adrian Vuckovich ("Vuckovich") already forced Busbice to move to compel them to produce documents by standing on baseless objections.[1] (Dkt. 86.) Indeed, in meeting and conferring on the Interrogatories, CBV's counsel reiterated the same strident position that they asserted on the pending motion to compel production of documents, warning that Busbice must incur the expense of bringing a motion for a discovery order before they will provide interrogatory answers to Busbice. (Grochow Decl. ¶ 2.) Such conduct is in clear contravention of multiple discovery rules and is sanctionable under Federal Rule of Civil Procedure 37. Accordingly, Busbice respectfully requests that this Court compel CBV to respond to the Interrogatories and order CBV to pay Busbice's attorneys' fees and costs incurred in bringing this motion.

**II.     BACKGROUND**

CBV was an instrumental participant in a money laundering scheme with several co-conspirators, including federally indicted Steven J. Brown ("Brown"), James David Williams ("Williams"), and Gerald Seppala ("Seppala") (collectively, the "Co-conspirators"), to defraud Busbice out of $11 million in investment funds transferred to various purported film-related businesses, which turned out to be shell business entities. The money was obtained from Busbice under the guise of film investments. CBV's main role in the conspiracy was to launder a portion of Busbice's investment funds. CBV also purported to represent certain of the shell entities in various litigation-related matters to further perpetuate the fraud.

---

[1] The motion to compel and simultaneously heard motion to quash were submitted on February 7, 2018. (Dkt. 90.) The Court has not yet ruled on those motions.

On December 19, 2017, Busbice served the Interrogatories on CBV. (Ex. 2 (Interrogatories).) Those Interrogatories were narrow in scope and requested that CBV identify specific banking transactions as they relate to CBV's Co-conspirators, or individuals and entities affiliated with those Co-conspirators. (*Id.*) CBV's responses to the indisputably relevant Interrogatories were due on January 19, 2018. On January 31, 2018, having received no response from CBV regarding the past due Interrogatories, counsel for Busbice inquired as to the status of CBV's responses. (Grochow Decl., Ex. 3.) On February 5, 2018, still having received no response, Busbice's counsel again inquired, this time in person, with CBV's lead counsel as to the status of CBV's responses to the Interrogatories. (*Id.* ¶ 5.) CBV's counsel, Daniel Konicek, replied that he would have to defer to his partner, Amir Tahmassebi, regarding the Interrogatories. (*Id.*) Thus, that same day Busbice's counsel followed-up with Mr. Tahmassebi, only to be summarily dismissed because Mr. Tahmassebi was "on trial" and would "be in contact…to arrange for a call at the conclusion of the trial." (*Id.*, Ex. 3.) The next day, CBV served its responses. Each response was identical for each interrogatory and completely devoid of any substantive content. (*Id.*, Ex. 4.) That same day, Busbice's counsel sent CBV's counsel a letter highlighting that CBV had waived its right to object, and that CBV's responses were wholly lacking. (*Id.*, Ex. 5.) In meeting and conferring with CBV's counsel, CBV's counsel refused to provide substantive responses, holding firm to the untenable position that CBV asserted with respect to Busbice's document requests – that Busbice would have to seek a court order if he wanted the discovery to which he is entitled under the Federal Rules. (*Id.* ¶ 2.)

### III. ARGUMENT

#### A. CBV Has Waived Its Objections to Each Interrogatory

Under Federal Rule of Civil Procedure 33(b)(2), a party must serve its answers and objections within 30 days after being served the interrogatories. "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Plain and simple – "untimely objections are waived." *Avante Intn'l Tech., Inc. v. Hart Intercivic, Inc.*, 2008 WL 2074093, at *3 (S.D. Ill. May 14, 2008); *see also Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 600, 605 (7th Cir. 1981) (an objection to a discovery request must be raised "in a timely fashion"); *Buonauro v. City of Berwyn*, 2011 WL 116870, at *4 (N.D. Ill. Jan. 10, 2011) ("It is well-established that the failure [to object to discovery requests] in a timely manner waives a subsequent assertion of objections in the absence of good cause.").

CBV has not even attempted to establish that its failure to provide timely responses is excused by good cause. But even if CBV's dilatory responses were excused by good cause, CBV has no basis to limit its responses to the narrow time period it insists is relevant. CBV had a long-standing relationship with its Co-conspirators and assisted its Co-conspirators in defrauding multiple victims over the years, including Busbice. Such evidence is entirely relevant to establish the CBV and Vuckovich were well informed of the fraud they were aiding and abetting. The time period is further appropriate, as funds in a money laundering scheme could be disposed of over time. Thus, each of CBV's boilerplate objections that purport to establish arbitrary time limitations for each of the Interrogatories were waived and improper.

### B. CBV Has Failed to Respond to a Single Interrogatory

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "[A]n evasive or incomplete…response must be treated as a failure to… respond." Fed. R. Civ. P. 37(a)(4).

CBV cut-and-pasted the following in response to all seven of the Interrogatories:

> Objection. These interrogatories are overly broad as the time frame is improper as it seeks answers relating to account activity from 2010. The first investment by Plaintiff is alleged to be on or around April of 2013 and the final investment in 2014. Subject to and without waiving said objection, pursuant to Rule 33(d) please see all account statements produced in discovery for Collins Bargione & Vuckovich and the testimony of Adrian Vuckovich relating to those transactions.

This non-substantive response is an evasive failure to respond. CBV relies entirely on Federal Rule of Civil Procedure 33(d), which only applies "[w]here the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory is served… and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 366 (N.D. Ill. 2005). And "[a] specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." *Id.*

As an initial matter, Vuckovich's deposition testimony is not a business record. CBV cannot rely on this testimony (wherein Vuckovich remarkably could not recall most of the transaction that are the subject of the Interrogatories), in responding to the Interrogatories. Further, CBV fails to identify the page and line from the deposition transcript where such information allegedly is disclosed.

34032648

Regarding CBV's general reference to its "account statements," this reference omits any detail that would make it possible for Busbice to locate and identify the records from which the response may purportedly be ascertained. But even if Busbice were to rely on these "account statements" and perform his own analysis, third-party subpoenas have confirmed that CBV never produced a complete set of its account statements and other financial records. This is one of the many reasons why Busbice moved to compel additional documents from CBV. (Dkt. 86.) CBV omitted various statements and other financial records, and imposed an improper unilateral time limitation on the date range of documents it produced. Thus, reliance on such documents cannot provide a complete response to any of the Interrogatories. CBV must respond to each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

### C. Sanctions are Appropriate for CBV's Dilatory and Evasive Tactics

Federal Rule of Civil Procedure 37 "'provides for the imposition of sanctions against a party that fails to make disclosure or cooperate in discovery.'" *Doston v. Bravo*, 202 F.R.D. 559, 570 (N.D. Ill. 2001) (quoting *Quela v. Payco–General American Credits, Inc.,* 2000 WL 656681, at \*6 (N.D. Ill. March 26, 2000)). "Under the rule, when a party engages in abusive and obstructive discovery tactics by failing to properly respond to discovery requests in any way, the court may impose sanctions directly, without first issuing an order to compel discovery." *Doston*, 202 F.R.D. at 570. Indeed, the Seventh Circuit has repeatedly upheld the entry of default judgments for discovery violations when a party willfully chooses "not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court." *Govas v. Chalmers,* 965 F.2d 298, 303 (7th Cir. 1992) (quoting *Hal Commodity Cycles Mgmt. Co. v. Kirsh*, 825 F.2d 1136, 1138 (7th Cir. 1987)).

CBV's dilatory responses to the interrogatories and repeated insistence that Busbice must "get a court order" if he wants the discovery he is entitled to is in clear violation of the discovery

rules. To make matters worse, as officers of this court, CBV should know better than to engage in bad faith hardball discovery tactics. Busbice respectfully requests that this Court sanction CBV by awarding Busbice his attorneys' fees and costs incurred in having to bring this motion, in an amount to be determined based on the filing of a supplemental declaration.

## IV. CONCLUSION

CBV is a law firm and Vuckovich (a named partner of CBV) is an officer of the court, which cannot be minimized in evaluating such recidivist discovery misconduct. Thus, Busbice requests that this Court compel CBV to respond to the Interrogatories immediately and pay for Busbice's attorneys' fees and costs incurred in having to move this Court to compel those responses.

Dated: February 20, 2018                    Respectfully submitted,

By: /s/ Lauren E. Grochow
Paul L. Gale
Lauren E. Grochow
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
949-622-2700
Email: paul.gale@troutman.com
Email: lauren.grochow@troutman.com

Robert E. Browne, Jr.
TROUTMAN SANDERS LLP
One North Wacker Dr., Suite 2905
Chicago, IL 60606
Email: robert.browne@troutman.com

Attorneys for Plaintiffs
BILL A. BUSBICE, JR., OLLAWOOD
PRODUCTIONS, LLC, and ECIBSUB, LLC

34032648