IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BILL A. BUSBICE, JR., an individual; OLLAWOOD PRODUCTIONS, LLC, a limited liability company; and ECIBSUB, LLC, a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ADRIAN VUCKOVICH, an individual; COLLINS, BARGIONE & VUCKOVICH, a partnership; and DOES 1 – 50, inclusive,<br><br>Defendants. | Case No. 1:17-cv-1640<br><br>Honorable Andrea R. Wood<br><br>JURY TRIAL DEMANDED |

**<u>PLAINTIFFS' MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION</u>**

Pursuant to Federal Rules of Civil Procedure 26, 36 and 37, Plaintiffs Bill A. Busbice, Jr, Ollawood Productions, LLC, and Ecibsub, LLC (collectively "Busbice"), respectfully move the Court for an order compelling Defendants Collins, Bargione & Vuckovich and Adrian Vuckovich (collectively, "CBV") to respond to Plaintiffs' First Set of Requests for Admission (the "Requests"). Pursuant to Local Rule 37.2, Busbice's counsel attempted to meet and confer with counsel for CBV multiple times. (Decl. of Lauren E. Grochow ("Grochow Decl.") ¶¶ 2-3, Exs. 1-2.)

This is the *third* time Busbice has been forced to move this Court to obtain key discovery from CBV. CBV, a licensed attorney and litigation law firm, have ignored their obligations under the Federal Rules of Civil Procedure at every turn. CBV have refused to produce key responsive documents, refused to respond to interrogatory requests, and now they refuse to respond to a dozen requests for admission.

34283071

These Requests were not arduous.  Each Request referenced a document or communication and sought that CBV verify that the document was a true and correct copy of the original.  (*Id.*, Ex. 3.)  Request Nos. 77 through 88 all referenced correspondence that CBV was a sender or recipient of.  However, CBV refused to respond to each of these Requests, claiming they have "insufficient knowledge" based on the fact that they "did not produce the referenced document." (*Id.*, Ex. 4.)  Such a response comes nowhere close to the requirements under Federal Rule of Civil Procedure 36.  When asked to supplement those responses, CBV's counsel requested to meet and confer with Busbice's counsel, but CBV's counsel never responded to Busbice's counsel's proposed date and time for that meet and confer call.  (Grochow Decl. ¶ 3, Ex. 2.)

CBV's refusal to respond is just another one of its obstructionist discovery tactics, which include CBV insisting that Busbice move the court if they want documents or interrogatory responses.  (*See* Busbice's Motion to Compel Interrogatory Responses (Dkt. 92); Busbice's Motion to Compel Requests for Production (Dkt. 86).)  Such tactics are not only obstructionist, but sanctionable.  Fed. R. Civ. P. 37(c)-(d).

On January 23, 2017, Busbice served the Requests on CBV.  (Ex. 3 (Requests).)  Those Requests sought to streamline the process of authenticating certain documents and communications produced in this case in preparation for trial.  Each document or communication referenced was either produced by CBV, or reflected that CBV was a recipient of or participant in the communication.  (*See, e.g.,* Ex. 3 at Request No. 77, which references Ex. 5 (the document produced under Bates No. PLAINTIFFS_00030561).)  Indeed, each document or communication referenced should have been maintained as part of CBV's client file.

34283071

Requests Nos. 77 through 88 all referenced correspondence that should have been in CBV's possession and should have been produced by CBV in this litigation, but were not. Specifically, Requests Nos. 77 through 88 each referenced an email, email chain, or portion of an email chain that should have been maintained as correspondence in CBV's client file. However, CBV refused to substantively respond to each of these Requests. Instead, CBV simply copied and pasted the same boilerplate language in response to each Request: "Defendants do not have sufficient knowledge to admit or deny this request because Defendants did not produce the referenced document."

This boilerplate response comes nowhere near close to complying with the response requirements under Federal Rule of Civil Procedure 36. Under that rule, "an 'answering party may not give lack of information of knowledge as a reason for failure to admit or deny unless the party states that the party has made a reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." *Climco Coils Co. v. Siemens Energy & Automation, Inc.*, 2006 WL 850969, at *1 (N.D. Ill. Mar. 28, 2006) (quoting Fed. R. Civ. P. 36). Accordingly, Busbice requested that CBV supplement its responses. (Grochow Decl., Ex. 1.) However, rather than supplement, CBV requested a meet and confer. (*See id.*, Ex. 2.) When Busbice's counsel suggested a time for a meet and confer, CBV's attorneys failed to respond or offer an alternative date and time. (*See id.* ¶ 3, Ex. 2.)

CBV's improper cherry-picking of documents to produce has already caused considerable prejudice to Busbice. CBV now attempts to take further advantage of its discovery misconduct by refusing to respond to Busbice's Requests based on the very fact that it improperly withheld or destroyed documents. Such an untenable position is undoubtedly prohibited by the rules governing discovery. Thus, Busbice respectfully asks that this Court

34283071

compel CBV's responses to Request Nos. 77 through 88 and order that CBV pay for Busbice's expenses in having to bring this motion.

Dated:  March 5, 2018                                            Respectfully submitted,

                                  By:  /s/ Lauren E. Grochow
                                     Paul L. Gale
                                     Lauren E. Grochow
                                     TROUTMAN SANDERS LLP
                                     5 Park Plaza, Suite 1400
                                     Irvine, CA 92614
                                     949-622-2700
                                     Email:  paul.gale@troutman.com
                                     Email:  lauren.grochow@troutman.com

                                     Robert E. Browne, Jr.
                                     TROUTMAN SANDERS LLP
                                     One North Wacker Dr., Suite 2905
                                     Chicago, IL 60606
                                     Email:  robert.browne@troutman.com

                                     Attorneys for Plaintiffs
                                     BILL A. BUSBICE, JR., OLLAWOOD
                                     PRODUCTIONS, LLC, and ECIBSUB, LLC