**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BILL A. BUSBICE, JR., an individual;
OLLAWOOD PRODUCTIONS, LLC, a
limited liability company; and ECIBSUB,
LLC, a limited liability company,

        Plaintiffs,

      v.

ADRIAN VUCKOVICH, an individual;
COLLINS, BARGIONE & VUCKOVICH, a
partnership; and DOES 1 – 50, inclusive,

        Defendants.

Case No.  1:17-cv-1640

Honorable Andrea R. Wood

JURY TRIAL DEMANDED

<u>**DECLARATION OF PAUL L. GALE IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT #2 AS TO NEGLIGENCE AND
BREACH OF FIDUCIARY DUTY**</u>

       I, Paul L. Gale, declare as follows:

   1.   I am a partner with the law firm of Troutman Sanders LLP, counsel for plaintiffs Bill A.

Busbice, Jr., Ollawood Productions, LLC, and Ecibsub LLC (collectively, "Busbice") in this

action.  I have personal knowledge as to all matters set forth herein, and if called to testify as a

witness, I could and would do so.  I submit this declaration in support of Plaintiffs' Motion for

Summary Judgment #2 as to Negligence and Breach of Fiduciary Duty.

   2.   On January 23, 2017, defendant Adrian Vuckovich ("Vuckovich") filed a declaration in

the above captioned matter in support of his motion to dismiss, while the matter was pending in

the United States District Court for the Central District of California (Case No. 2:16-cv-08511-

PA).  A true and correct copy of this declaration is attached hereto as <u>Exhibit 1</u>.

   3.   On November 30, 2017 and December 1, 2017, I took Mr. Vuckovich's deposition in his

personal capacity and in his representative capacity as the person most knowledgeable for

Collins, Bargione & Vuckovich ("CBV"). True and correct copies of the November 30, 2017 deposition transcript pages referenced in the briefing and declarations are attached hereto as Exhibit 2. True and correct copies of the December 1, 2017 deposition transcript pages referenced in the briefing and declarations are attached hereto as Exhibit 3.

4. Mr. Vuckovich's deposition was re-opened and I took his deposition on June 4, 2018. True and correct copies of the June 4, 2018 deposition transcript pages referenced in the briefing and declarations are attached hereto as Exhibit 4.

5. Counsel for defendant Vuckovich and defendant Collins Bargione & Vuckovich (collectively "CBV") retained Samuel Manella as an expert witness in this matter. I took Mr. Manella's deposition on June 5, 2018. True and correct copies of the June 5, 2018 deposition transcript pages referenced in the briefing are attached hereto as Exhibit 5.

6. My reasonably diligent search for any publicly filed business records relating to Chart Investment Fund CV12, revealed no such records or any other evidence indicating that such an entity exists.

7. Under the terms of the July 30, 2015 settlement in *Busbice, et al. v. Williams, et al.*, Case No. CV 14-4007 PA (C.D. Cal.) ("*Busbice I*"), which I personally negotiated, Luxe One transferred and assigned to Ollawood "any and all claims, suits, causes of action, contract rights, intellectual property rights, insurance claims, tax refunds or rebates and/or any other enforcement rights and recoveries now or in the future by, for the account of or for the direct or indirect benefit of Luxe One." The settlement agreement contains a confidentiality clause which precludes me from filing it publicly. Should the Court wish to see a copy, I will submit it for *in camera* review. This document was previously produced to CBV's counsel in this case at their request.

8.  A true and correct copy of the June-July 2013 Luxe One statement reflecting Busbice's wire transfer of $2,000,000, produced by J.P. Morgan Chase Bank, N.A. ("Chase"), is attached hereto as Exhibit 6.

9.  A true and correct copy of the January 2014 Luxe One statement reflecting Busbice's wire transfer of $4,000,000, produced by Chase, is attached hereto as Exhibit 7.

10. A true and correct copy of the Waiver of Service of Summons produced by CBV in response to a subpoena in the *Busbice I* matter is attached hereto as Exhibit 8.

11. CBV produced the complaint filed in *Busbice I*, marked Bates No. Vuckovich 000598-660, a true and correct copy of which is attached hereto as Exhibit 9.

12. CBV produced a copy of the arbitration demand they filed on behalf of Luxe One before the American Arbitration Association on June 17, 2014 against Big Screen Partners V, Ltd. ("Big Screen"), marked Bates No. Vuckovich 000796-803, a true and correct copy of which is attached hereto as Exhibit 10.

13. CBV produced an August 1, 2014 email chain between Brown, Williams and Vuckovich with the subject "Busbice v. Williams, et al.," marked Bates No. Vuckovich 000088-89, a true and correct copy of which is attached hereto as Exhibit 11.

14. CBV produced a copy of the arbitration demand filed by Big Screen against Luxe One on June 17, 2014, marked Bates No. Vuckovich 000843-854, a true and correct copy of which is attached hereto as Exhibit 12.

15. CBV produced an August 25, 2014 invoice from CBV to Williams, marked Bates No. Vuckovich 000042, a true and correct copy of which is attached hereto as Exhibit 13.

16. CBV produced a letter from Vuckovich to John Burgee dated September 17, 2014, regarding the representation of Luxe One in the arbitration against Big Screen, marked Bates No. Vuckovich 000222-223, a true and correct copy of which is attached hereto as Exhibit 14.

17. A true and correct copy of the front and back of a July 23, 2013 $100,000 cashier's check issued by Chase, with Luxe One, Inc. ("Luxe One") as the remitter, payable to The Noble Group, produced by Chase, is attached hereto as Exhibit 15.

18. A true and correct copy of a deposit slip dated July 23, 2013 for customer "Adrian Vuckovich Attorney," produced by Chase, is attached hereto as Exhibit 16.

19. A true and correct copy of a July 12, 2013 withdrawal slip for the withdrawal of a $100,000 cashier's check from Luxe One to The Noble Group, produced by Chase, is attached hereto as Exhibit 17.

20. A true and correct copy of the front and back of a $88,000 Chase cashier's check date July 29, 2013 with Vuckovich as the remitter, payable to Stuart Manashil ("Manashil"), produced by Chase, is attached hereto as Exhibit 18.

21. CBV produced an email chain wherein the latest email was dated May 23, 2014, between Brown, Williams and Vuckovich with the subject "Busbice," marked Bates No. Vuckovich 000129-130, a true and correct copy of which is attached hereto as Exhibit 19.

22. CBV produced a copy of a July 3, 2014 letter from David Steinberg at Dentons Canada LLP to Williams, marked Bates Nos. Vuckovich 000804-808, a true and correct copy of which is attached hereto as Exhibit 20.

23. CBV produced a copy of a check for $100,000 payable to Manashil, dated August 26, 2014, from the CBV Trust Account marked Bates No. Vuckovich 001105, a true and correct copy of which is attached hereto as Exhibit 21.

24. CBV produced a $75,000 chase cashier's check dated January 27, 2014 and February 3, 2014 slip for deposit into the CBV Client Trust Account marked Bates No. Vuckovich 000169, a true and correct copy of which is attached hereto as Exhibit 22.

25. CBV produced a $25,000 cashier's check dated April 14, 2014 and the April 24, 2014 slip for deposit into the CBV Trust Account, marked Bates No. Vuckovich 000170, a true and correct copy of which is attached hereto as Exhibit 23.

26. A true and correct copy of the April 2014 Luxe One bank statement, produced by Chase, is attached hereto as Exhibit 24.

27. CBV produced a July 24, 2014 letter from Vuckovich to Marc Weber, marked Bates No. Vuckovich 000485-486, a true and correct copy of which is attached hereto as Exhibit 25.

28. CBV produced a Preliminary Change of Ownership Report for SAV, LLC dated August 21, 2014, marked Bates No. Vuckovich 001178, a true and correct copy of which is attached hereto as Exhibit 26.

29. The documents attached to this declaration as Exhibits 6-7, 15, 24, and 31 were produced by Chase to Troutman Sanders. A true and correct copy of the March 6, 2015 affidavit authenticating those records is attached hereto as Exhibit 27.

30. The document attached to this declaration as Exhibit 16 was produced by Chase to Troutman Sanders. A true and correct copy of the May 10, 2018 affidavit authenticating this record is attached hereto as Exhibit 28.

31. The document attached to this declaration as Exhibit 18 was produced by Chase to Troutman Sanders. A true and correct copy of the May 21, 2018 affidavit authenticating this record is attached hereto as Exhibit 29.

35497848

32. CBV's responses to Busbice's Requests for Admission served in this action authenticate the documents that were produced by CBV and attached hereto as Exhibits 9-14, 19-23, 25, and 32.

33. A true and correct copy of CBV's February 22, 2018 responses to Busbice's requests for admission is attached hereto as Exhibit 30.

34. A true and correct copy of the January 2014 Luxe One bank statement, produced by Chase, is attached hereto as Exhibit 31.

35. A true and correct copy of the July 17, 2014 CBV invoice for Williams, produced by CBV marked Vuckovich 000039-41, is attached hereto as Exhibit 32.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 27, 2018 at Irvine, California.

      /s/ Paul L. Gale
         Paul L. Gale

35497848