# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BILL A. BUSBICE, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 17-cv-01640 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| ADRIAN VUCKOVICH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiffs Bill A. Busbice, Jr., Ollawood Productions, LLC ("Ollawood"), and Ecibsub, LLC have sued Defendants Adrian Vuckovich and the law firm of Collins, Bargione and Vuckovich ("CBV") for their roles in facilitating an investment fraud by which Plaintiffs lost over $10 million. In their Second Amended Complaint, Plaintiffs assert claims against Defendants for engaging in a civil conspiracy to defraud Plaintiffs, aiding and abetting the fraud perpetrated against Plaintiffs, and negligence and breach of fiduciary duty in connection with Defendants' legal representation of the entity Luxe One, Inc. ("Luxe One"). This Court previously denied the parties' cross-motions for summary judgment on the civil conspiracy and aiding and abetting claims; those claims are proceeding to trial. This opinion addresses the remaining issue from the parties' motions—namely, whether either Plaintiffs or Defendants are entitled to summary judgment on the negligence and breach of fiduciary duty claims. The answer to that question turns on the validity of an assignment of claims from Luxe One to Plaintiffs. As the Court finds the assignment to be invalid under the governing law, Defendants' motion for summary judgment on the negligence and breach of fiduciary duty claims is granted.

**BACKGROUND**

The Court assumes familiarity with its Memorandum Opinion dated November 30, 2018 (Dkt. No. 240), which addresses the parties' cross-motions for summary judgment on the civil conspiracy and aiding and abetting fraud claims. For present purposes, the key facts are undisputed.

Between April 2013 and January 2014, Busbice invested over $10 million in various film projects. As alleged in the Second Amended Complaint, those purported investment opportunities were actually part of a fraud perpetrated by various third parties not named as defendants in this action, and facilitated by their alleged co-conspirators and attorneys, Vuckovich and CBV, who are defendants here. Busbice organized Ollawood, with himself as the sole member and manager, to invest in one of the projects through Luxe One. But instead of using the funds Busbice invested through Luxe One to make and market the film, Defendants and their co-conspirators enriched themselves at Plaintiffs' expense.

On July 30, 2015, Plaintiffs entered into a settlement agreement with eleven defendants named in a federal lawsuit filed in the United States District Court for the Central District of California; those defendants included Luxe One. Pursuant to the settlement agreement, Luxe One transferred and assigned to Ollawood "any and all claims, suits, causes of action, contract rights, intellectual property rights, insurance claims, tax refunds, or rebates and/or any other enforcement rights and recoveries now or in the future by, for the account of or for the direct or indirect benefit of Luxe One." (Defs.' Am. Stmt. Undisputed Material Facts, Ex. 6 ¶ 10, Dkt. No. 141-6.) It is pursuant to this assignment provision that Plaintiffs assert the right to pursue the instant negligence and breach of fiduciary claims against Defendants based on their conduct while representing Luxe One.

**DISCUSSION**

Plaintiffs assert that Defendants negligently represented Luxe One by providing representation while suffering from a conflict of interest. To prevail on an action for legal malpractice under Illinois law, a plaintiff must prove the following: "(1) an attorney-client relationship; (2) a duty arising out of that relationship; (3) a breach of that duty; (4) causation; and (5) actual damages." *Wash. Grp. Intern. Inc. v. Bell, Boyd & Lloyd LLC*, 383 F.3d 633, 636 (7th Cir. 2004). Plaintiffs additionally contend that Defendants breached their fiduciary duty to Luxe One by dissipating Luxe One's assets and orchestrating a real estate transaction to launder Luxe One's money. To prove a claim for breach of fiduciary duty under Illinois law, Plaintiffs must demonstrate that a fiduciary duty exists, that the fiduciary duty was breached, and that such breach proximately caused the injury of which the plaintiffs complain. *Ball v. Kotter*, 723 F.3d 813, 826 (7th Cir. 2013). Both Plaintiffs and Defendants have moved for summary judgment on the negligence and breach of fiduciary duty claims. Because Defendants' challenge to the assignment of those claims to Plaintiffs is dispositive, the Court's analysis starts and ends there.

**I.     Choice of Law**

As an initial matter, the Court must determine which law to apply in determining the validity of the assignment. In their original briefing of their cross-motions for summary judgment, the parties address the assignment issue applying Illinois substantive law. Specifically, Defendants argue that negligence and breach of fiduciary duty claims based on attorney malpractice cannot be assigned under Illinois law, while Plaintiffs contend that Illinois courts have carved out an exception to the general prohibition against such assignments. After the Court observed that the settlement agreement under which Luxe One's claims were assigned contains a choice-of-law provision providing for the application of California law, the parties were given an

opportunity to submit additional briefing on whether California law should govern the assignment and, if so, whether the assignment is valid.

The choice-of-law provision in the settlement agreement states that the agreement "shall be governed by and interpreted under the laws of the State of California applicable to contracts made and to be performed entirely within California." (Defs.' Am. Stmt. Undisputed Material Facts, Ex. 6 ¶ 29, Dkt. No. 141-6.) A federal court exercising diversity jurisdiction—as is the case here—generally must apply the choice-of-law rules of the state in which it sits. *See, e.g., McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) ("Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law."). And under Illinois law, contractual choice-of-law provisions are generally enforceable. *See Hofeld v. Nationwide Life Ins. Co.*, 322 N.E.2d 454, 458 (Ill. 1975).

Neither party now disputes that California law governs the assignment of the negligence and breach of fiduciary claims. For their part, Plaintiffs expressly take the position in their supplemental brief that California law applies. (Pls.' Suppl. Br. on Choice of Law at 1–2, Dkt. No. 231.) Meanwhile, Defendants contend that Illinois and California law are so similar that there is no need for a choice-of-law analysis. (*See* Defs.' Supp. Mem. of Law on Choice of Law at 1, Dkt. No. 229.)[1] In light of the presumption that the agreement's choice-of-law provision controls and the lack of opposition, this Court finds that California law governs the assignment dispute here.

---

[1] In declining to argue whether Illinois or California law applies, Defendants have waived any argument against California law. *See McCoy*, 760 F.3d at 684 (noting that a choice-of-law argument may be waived if a party fails to raise it); *see also Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.") (quoting *Wood v. Mid–Valley Inc.*, 942 F.2d 425, 427 (7th Cir.1991)).

## II. Validity of the Assignment

As a rule, California law bars the assignment of causes of action for legal malpractice. *White Mountains Reinsurance Co. of Am. v. Borton Petrini, LLP*, 164 Cal. Rptr. 3d 912, 926 (Cal. 2013). Indeed, "California courts have consistently held legal malpractice claims are nonassignable to protect the integrity of the uniquely personal and confidential attorney-client relationship." *Fireman's Fund Ins. Co. v. McDonald, Hecht & Soldberg*, 36 Cal. Rptr. 2d 424, 430 (Cal. 1994). California courts have also found that public policy concerns militate against assignability. *See, e.g.*, *Goodley v. Wank & Wank, Inc.*, 133 Cal. Rptr. 83, 87 (Cal. App. Ct. 1976) ("[T]he ever present threat of assignment and the possibility that ultimately the attorney may be confronted with the necessity of defending himself against the assignee of an irresponsible client who, because of dissatisfaction with legal services rendered and out of resentment and/or for monetary gain, has discounted a purported claim for malpractice by assigning the same, would most surely result in a selective process for carefully choosing clients thereby rendering a disservice to the public and the profession.").

Plaintiffs do not deny that California law generally bars such assignments. But they nonetheless argue that the assignment of Luxe One's claims should be allowed because the public policy concerns identified by California courts are not present here. But California law permits the assignment of legal malpractice claims only under very narrow circumstances; the mere fact that certain specific public policy concerns might be absent does not necessarily resolve the issue in Plaintiffs' favor. Plaintiffs cite *White Mountains* for the proposition that California courts are willing to "permit assignments when the relationship between the assignor and assignee does not offend the policy considerations underlying the bar." (Pls.' Suppl. Choice of Law Br. at 3–4, Dkt. No. 231.) But *White Mountains* recognized only a very narrow exception to the prohibition on assignment of legal malpractice claims: such claims may be assigned when

5

the assignment is only a small, incidental part of a larger commercial transfer between insurance companies involving the transfer of assets, rights, obligations, and liabilities. *See White Mountains*, 164 Cal. Rptr. 3d at 926. In *White Mountains*, the state appellate court allowed an auto-insurer's successor-in-interest to bring a malpractice action against a law firm the original insurer had hired. *Id.* at 927–28. Critical to the court's decision was the fact that the successor-in-interest was ***not*** a former adversary of the original insurance company. *Id*. at 926.

Luxe One's assignment to Ollawood does not fit into the narrow exception provided by *White Mountains*. First, it is not clear whether the exception would ever extend beyond assignments between insurance companies. Courts interpreting *White Mountains* have either interpreted the exception as applying solely to insurance companies or recognized as a favorable factor a client's status as an insurance company. *See In re S&B Surgery Center*, 707 Fed. Appx. 928 (9th Cir. 2017) (assignment where original client was not an insurance company, among other factors, came "nowhere close" to satisfying the test);[2] *Lesa, LLC v. Family Tr. of Kimberley and Alfred Mandel*, No. 15-cv-05574-KAW, 2016 WL 1446770, at *8 n.7 (N.D. Cal. 2016) (noting that *White Mountains* was the "one exception to the rule of nonassignability of legal malpractice claims"); *3123 SMB LLC v. Horn*, No. CV 14-8115 DSF (FFMx), 2015 WL 12765869, at *1, n.2 (C.D. Cal. 2015) (defining the "narrow exception" of *White Mountains* as applying to transfers between insurance companies). The focus on insurance companies matters because, unlike the "special nature" of the attorney-client relationship, the procurement of insurance "is a commercial transaction with intended beneficiaries beyond the client alone." *See Baum v. Duckor, Spradling & Metzger*, 84 Cal. Rptr. 2d 703, 712–13 (Cal. App. Ct. 1999)

---

[2] *In re S&B Surgery Center* is an unpublished Ninth Circuit order issued after January 1, 2007. Although not precedential, the order provides a useful point of comparison here. *See* Fed. R. App. P. 32.1(a); 9th Cir. R. 36.3; 7th Cir. R. 32.1(b).

(finding that a legal malpractice claim belonging to the bankruptcy estate of a corporation could not be assigned by the trustee of that estate to a creditor of the corporation or any other person). Neither Luxe One nor Ollawood is an insurance company: at the very least, this fact weighs against the application of the *White Mountains* exception.

Next, Luxe One is a former adversary of Plaintiffs. Vuckovich, a defendant in this case, represented Luxe One in previous litigation. These circumstances raise the very public policy concern referenced in *White Mountains*—if an attorney perceives a future threat of the client's assignment of a legal malpractice claim to a stranger or adversary, the trust between the attorney and client is at risk of being impaired. *See White Mountains*, 164 Cal. Rptr. 3d at 918.

Nor may Plaintiffs escape the conclusion that their assignment cannot be enforced by labeling their claims as ones for "breach of fiduciary duty" and "negligence" instead of "legal malpractice." Claims need not be styled in a specific manner to fall under the umbrella of legal malpractice: the key inquiry is whether the claims originate from an attorney's professional negligence. *See Kracht v. Perrin, Gartland & Doyle*, 268 Cal. Rptr. 637, 639–40 (Cal. 1990) (holding that actions arising out of an attorney's professional negligence were non-assignable legal malpractice claims). When the plaintiff suffers an injury because of an attorney's professional negligence, "the gravamen of the claim is legal malpractice." *Jackson v. Rogers & Wells*, 258 Cal. Rptr. 454, 460, 462 (Cal. 1989) (treating fraud and breach of contract theories involving professional "judgment calls" as malpractice claims for assignability purposes). Here, the "breach of fiduciary duty" and "negligence" counts in the Second Amended Complaint are both rooted in the same allegations of professional negligence. The Court therefore finds them to be legal malpractice claims, as defined by California law.

Finally, Plaintiffs offer an alternative theory for why they should be able to pursue Luxe One's claims. They contend that Busbice has standing to sue either individually or derivatively because he is entitled to the entirety of Luxe One's proceeds as its sole investor. Plaintiffs cite only one Illinois case in support of this argument, *Stevens v. McGuireWoods LLP*, 43 N.E.3d 923 (Ill. 2015). *Stevens*, however, stands only for the proposition that to bring a derivative claim on behalf of a limited liability company, a plaintiff must have been a shareholder at the time of the transaction about which he complains and must maintain his status as a shareholder throughout the pendency of the action. *Id*. at 931. *Stevens* does not carve out a new path to standing based on an individual's status as the only "real" party in interest or investor. The Court finds it inapplicable here.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court grants the remainder of Defendants' motion for summary judgment (Dkt. No. 126) relating to Plaintiffs' negligence and breach of fiduciary duty claims. Plaintiffs' cross-motion for summary judgment on those claims (Dkt. No. 145) is denied as moot.

ENTERED:

Dated: December 1, 2018

_____
Andrea R. Wood
United States District Judge